IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAMZI HALASAH, | ) | Case Number: 1:10 CV 1660 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF KIRTLAND, *et al.*, | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the motion Defendants City of Kirtland, Wayne Baumgart and James Fisher for Summary Judgment. (ECF #15). For the reasons that follow, the Motion is granted.

## **FACTS**[1]

This action arises from events that occurred on May 23, 2009, when Plaintiff Ramzi Halash was contacted by the Kirtland police to pick up his son from a Kirtland residence where his son had attended an underage drinking party. Plaintiff states that when he reported to the address provided by the police, he was informed that his son was being charged with alcohol consumption for being under the age of 21 and intoxicated. (Complaint, ¶¶ 10-11) At that time Plaintiff asked that his son be given a breathalyzer test. The officer in charge at the scene,

---

[1] Except as otherwise noted, the factual summary is based solely upon the undisputed facts set forth in the parties' statements of facts, the Plaintiff's Complaint, and the deposition transcripts filed with the Court as part of the summary judgment motion briefing. Those facts which are contested and have some support through deposition testimony, affidavit, or other evidence will be addressed in the "Discussion" section below and shall be construed in the light most favorable to the Plaintiff as required under the Summary Judgment standards.

Defendant James Fisher, refused. (Id. at ¶12; Fisher Declaration, at ¶ 3).

Plaintiff alleges that he had numerous questions for the police regarding their proof and conduct and that after the police refused to answer his questions, he was told by the police to leave the premises or he would be arrested. (Complaint, ¶¶ 13-14). Officer Fisher states that Plaintiff behaved in a disruptive manner and was told to leave the premises or be arrested. (Fisher Decl. at ¶4). Plaintiff eventually left the premises.

Officer Fisher prepared an incident report detailing the events which took place during the incident involving Mr. Halasah, his son and the other individuals present that evening and forwarded it to Attorney Michael Germano, who serves as the Prosecutor for the City of Kirtland, for a determination regarding appropriate criminal charges. (Fisher Decl. ¶ 5) Mr. Germano reviewed the incident report and determined that Mr. Halasah should be charged with Disorderly Conduct in violation of R.C. § 2917.11(A)(4), a fourth degree misdemeanor. Criminal charges were then filed against Mr. Halasah, alleging violation of that statute, in the Willoughby Municipal Court, in Lake County, Ohio. (Germano Decl. at ¶¶2-3).

On July 2, 2009, Willoughby Municipal Court Magistrate Harry Field held a probable cause hearing, and after hearing testimony from Officer Fisher, issued a warrant for Plaintiff's arrest and set an amount for bail. (ECF #15, Ex. C) On July 14, 2009, Plaintiff appeared in Cleveland Municipal Court on an unrelated traffic matter. Court personnel discovered the outstanding warrant for Plaintiff's arrest from Willoughby Municipal Court and he was taken into custody and released after his attorney posted bond with the Kirtland police. (Complaint, ¶¶19-22)

The charges against Plaintiff were later reduced from a fourth degree misdemeanor to a

minor misdemeanor based upon the Plaintiff's prior criminal record and in an effort to resolve the case amicably. (Germano Decl. ¶ 5). Plaintiff was acquitted after a bench trial on September 30, 2009.

Plaintiff alleges that his employment requires him to maintain a clean criminal and traffic record and that his arrest subjected him to professional embarrassment. (Complaint, ¶¶26-27) Further, Plaintiff alleges that he missed 40 hours of work during the various legal proceedings and that he incurred the expense of hiring a lawyer to defend against the charge. (Id. at ¶¶ 25, 30).

Plaintiff filed this action on July 29, 2010, alleging claims pursuant to 42 U.S.C. § 1983, alleging violations of the Fourth, Fifth and Fourteenth Amendments (Count 1); alleging failure to implement policies, customs and practices (Count 2); alleging false arrest (Count 3); and, alleging malicious prosecution (Count 4). Defendants now move for summary judgment on all of Plaintiff's claims.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material"

only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.  The court will view the summary judgment motion in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252).  Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citations omitted).  In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252.

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.  The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury."  *Cox v. Kentucky Dep't of Transp.,* 53 F.3d 146, 149 (6th Cir. 1995).  FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is

a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson,* 477 U.S. at 250.

## **DISCUSSION**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated when he was subjected to false arrest and malicious prosecution. The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See Wyatt v. Cole*, 504 U.S. 158, 112 S. Ct. 1827 (1992). 42 U.S.C. § 1983 states, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to establish liability under § 1983 against state officials, a plaintiff must show that the officials, acting under color of state law, caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Monroe v. Pape*, 365 U.S. 167 (1961)).

5

In other words, the terms of § 1983 demand only two allegations: (1) that a person deprived the plaintiff of a federal right, constitutional or statutory; and (2) that the person acted under color of state law when depriving the plaintiff of the federal right. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). If either element is missing, then a § 1983 claim has not been pleaded. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). A municipality may be held liable pursuant to 42 U.S.C. § 1983 if the municipality itself caused the constitutional deprivation. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690 (1978).

### Unlawful Arrest

Plaintiff alleges that Officer Fisher acted under color of state law by falsely causing the issuance of criminal charges and the issuance of an arrest warrant leading to Plaintiff's detention with no basis in law or fact to do so. (Complaint, ¶ 62) The Fourth Amendment protects against unreasonable searches and seizures, and an arrest constitutes a seizure for Fourth Amendment purposes, *see, e.g., United States v. Torres–Ramos,* 536 F.3d 542, 554 (6th Cir.2008). An arrest does not violate the Fourth Amendment if it is based on probable cause. *Whren v. United States,* 517 U.S. 806, 818–19, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); *United States v. Caicedo,* 85 F.3d 1184, 1192 (6th Cir.1996).

An unlawful or false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff. *Voyticky v. Village of Timberlake, Ohio,* 412 F.3d 669, 677 (6th Cir.2005); *see also Brooks v. Rothe,* 577 F.3d 701, 706 (6th Cir.2009). Because an arrest based on a facially valid warrant approved by a magistrate provides a complete defense, *Voyticky,* 412 F.3d at 677, Plaintiff, in order to prevail on a false-arrest claim, must prove by a preponderance of the evidence that in order to procure the warrant,

Officer Fisher "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create[d] a falsehood" and "such statements or omissions [we]re material, or necessary, to the finding of probable cause." *Wilson v. Russo,* 212 F.3d 781, 786-87 (3d Cir.2000) (internal quotation marks omitted); *see Vakilian v. Shaw,* 335 F.3d 509, 517 (6th Cir.2003) (citing *Wilson* with approval and noting that in the § 1983 context "an officer or investigator cannot rely on a judicial determination of probable cause if that officer knowingly makes false statements and omissions to the judge such that but for these falsities the judge would not have issued the warrant" (internal quotation marks and alteration omitted)).

In this case, Plaintiff has submitted no evidence that Officer Fisher knowingly made false statements and/or omissions to the Magistrate who signed the arrest warrant. There is no record of the probable cause hearing. Prosecutor Germano states that Officer Fisher's testimony at the probable cause hearing was consistent with the incident reports that he wrote. (Germano Decl. ¶4). The criminal complaint and Officer Fisher's incident report support the issuance of the arrest warrant and the notion that Plaintiff was hindering or interfering with Officer Fisher's attempts to resolve the dispersal of underage drinkers to parents on the night of the incident. Officer Fisher's incident report was prepared contemporaneously to the incident on May 23, 2009 and detailed the events which took place during the incident involving Plaintiff, his son and the other persons present that evening. (Fisher Decl.¶5)

As there is no direct evidence that Officer Fisher knowingly lied to the Magistrate Judge to obtain the arrest warrant and/or that the Magistrate Judge relied on any such lies, Plaintiff instead contends that the allegations of persistence contained in the Complaint and Summons as well as the invocation of the language of O.R.C. 2917.11(A)(4) in Officer Fisher's sworn

7

statement lacks factual support and/or is contradicted by trial testimony. Plaintiff appears to concede that Officer Fisher may have had probable cause to pursue charges for disorderly conduct, but not for persistent disorderly conduct in that Plaintiff disputes that he was repeatedly told to leave the premises. The fact that the prosecutor elected to charge Plaintiff with persistent disorderly conduct rather than disorderly conduct does not negate a finding of probable cause. In any case, "knowledge of the precise crime committed is not necessary to a finding of probable cause provided that probable cause exists showing that a crime was committed by the defendant." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 307 n.12 (6th Cir. 2005) (citation omitted.) In short, nothing in this record supports a finding that Officer Fisher knowingly lied to the Magistrate Judge or that the Magistrate Judge relied on false information in order to issue the warrant. The warrant at issue here is a facially valid warrant approved and issued by a magistrate judge. As such, the warrant provides a complete defense to Plaintiff's claim that he was arrested without probable cause in violation of his Fourth Amendment rights.[2]

## Malicious Prosecution

Plaintiff also asserts a claim of malicious prosecution under §1983. The Sixth Circuit recently set forth the requirements of a claim of malicious prosecution under the Fourth Amendment. *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010). To succeed on a

---

[2]

Plaintiff also claims that Defendant Chief Baumgart violated his constitutional rights by implementing policies which allowed officers to request arrest warrants for misdemeanor offenses instead of seeking summons. However, Chief Baumgart states that the City of Kirtland does not have the ability to issue a summons instead of an arrest warrant for any criminal cases other than minor misdemeanors. (Baumgart Decl. ¶2). There is no evidence in this record to support any claim that Chief Baumgart permitted or encouraged officers to seek higher level charges for minor offenses and Plaintiff fails to demonstrate any constitutional violation arising out of the use of an arrest warrant in lieu of a summons.

malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove the following:

First, the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute.

Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution.

Third, the plaintiff must show that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, apart from the initial seizure.

Fourth, the criminal proceeding must have been resolved in the plaintiff's favor.

*Id.* (citations and internal quotation marks omitted).

For the same reasons set forth above regarding the finding of probable cause for arrest, probable cause existed for criminal prosecution of Plaintiff. Accordingly, Plaintiff's malicious prosecution claim fails.

**Claims against City of Kirtland**

Plaintiff also seeks to hold the City of Kirtland liable for Officer Fisher's and/or Chief Baumgart's alleged violation of his rights under § 1983.[3] However, as discussed above Plaintiff has failed to demonstrate any violation of his constitutional rights. "Where a plaintiff has failed to establish that his constitutional rights were violated, there can be no municipal liability under

---

[3] Plaintiff has failed to demonstrate that Chief Baumgart has violated any of Plaintiff's constitutional rights. The Chief did not arrest Plaintiff or participate in the preliminary hearing to obtain the arrest warrant. There has been no evidence of any policy or order issued by Chief Baumgart that may have impacted on Plaintiff's rights. Accordingly, Chief Baumgart is entitled to summary judgment on Plaintiff's claims against him.

§ 1983." *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986).

## Qualified Immunity

Defendants Officer Fisher and Chief Baumgart assert that they are entitled to qualified immunity on Plaintiff's claims and that Plaintiff has failed to provide evidence that they are not entitled to qualified immunity.

Qualified immunity is an affirmative defense that protects government officials performing discretionary functions from civil suits if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether qualified immunity is warranted, a court must ask (1) whether the alleged facts, taken in a light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right; and (2) whether the constitutional right was clearly established in the specific context so that a reasonable official would understand that he is violating that right. *Saucier v. Katz*, 533 U.S. 194, 202 (2001). A court need not address these steps in any particular order, nor must a court address both steps if the defendant makes an insufficient showing on one. *Pearson v. Callahan*, 129 S.Ct. 808, 821 (2009).

As the Court has already determined that Plaintiff's §1983 claims of unlawful arrest and malicious prosecution must fail because probable cause existed for his arrest and prosecution, Plaintiff cannot show that Defendants' conduct violated a constitutional right. Accordingly, Officer Fisher and Chief Baumgart are entitled to qualified immunity from all of Plaintiff's claims as well as judgment in their favor as a matter of law.

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion for Summary Judgment (ECF #15) is granted.

IT IS SO ORDERED.

                                                   /s/Donald C. Nugent
                                                   DONALD C. NUGENT
                                                   UNITED STATES DISTRICT COURT

DATED: May 26, 2011